JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

20    384

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alex Mellow and Polina Mellow (h/w)

**DEFENDANTS**
Serguei Bibikov and HL Motor Group, Inc.  and See attached

**(b)** County of Residence of First Listed Plaintiff   Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Canada
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David A. Shafie, Esquire
Hoffman, Sternberg, Karpf & Lynch, LLC
737 Second Street Pike, Southampton, PA  18966 - 215-953-8955

Attorneys *(If Known)*
Donald M. Davis, Esquire - Margolis Edelstein
170 S. Independence Mall W, The Curtis Center, Suite 400E
Phila., PA  19106 - 215-931-5813

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1331
Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                  DOCKET NUMBER

JAN 22 2020

DATE   1/22/20

SIGNATURE OF ATTORNEY OF RECORD   *Donald M. Davis*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## ATTACHMENT CIVIL COVER SHEET

**Defendants**

**County of Residents and Country of Residents of Defendants:**

| | |
|---|---|
| Serguei Bibikov | Toronto, ON, Canada M3H2X7 |
| Element Fleet Corporation | Chester County, Pennsylvania |
| Element Fleet Corporation Management Corp. | Baltimore County, Maryland |
| ECN Financial LLC formerly doing business As Element Financial Corp. | Montgomery County, PA |
| Element Financial Corporatino | Toronto, ON, Canada M5J2S1 |
| HL Motor Group, Inc. | Concord, ON, Canada L4K1N8 |
| Highlight Motor Freight USA, Inc. | Morris County, New Jersey (fraudulently joined) see Affidavit Ex 2 |

CDJ

20-CV-384

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20 0984

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 209 Winchester Court, Voorhees, NJ 08043 _____

Address of Defendant: _____ 148 Faywood Boulevard, Toronto, ON, Canada M3H2X7 _____

Place of Accident, Incident or Transaction: I-476 PA Turnpike Keysesr Avenue Interchange Lacawanna Cty

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/22/20 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 27546 _____
*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Donald M. Davis, Esquire _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

'JAN 22 2020

DATE: 1/22/20 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 27546 _____
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## ATTACHMENT DESIGNATION FORM

### Address of Defendants

Sergeui Bibikov
148 Faywood Boulevard
Toronto, ON, Canada M3H2X7

Element Fleet Corporation
1265 Drummbers Lane
Wayne, PA 19087

Element Fleet Management Corp.
940 Ridgebrook Road
Sparks, MD  21152

ECN Financial LLC formerly doing business
As Element Financial Corp.
655 Business Center Drive, Suite 250
Horsham, PA  19044

Element Financial Corporation
161 Bay Street, Suite 3600
Bx 621
Toronto, ON, Canada M5J2S1

HL Motor Group, Inc.
391 Creditstone Rd.,
Concord, ON, Canada L4K1N8

Highlight Motor Freight USA, Inc.
14 Eastmans Road
Parsippany, NJ  07054

John Doe Employers/Owners 1-5
Present Identities are Unknown to
Plaintiffs



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Alex Mellow and Polina Mellow, h/w  :  CIVIL ACTION

v.  :

Serguei Bibikov, et al  :  

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| | | |
|---|---|---|
| 1/22/20 | Donald M. Davis | Defts Serguei Bibikov and HL Motor Group, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** Defendants |
| 215-931-5813 | 215-922-1772 | ddavis@margolisedelstein.com |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Addr** s |

(Civ. 660) 10/02

'JAN 22 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX MELLOW and POLINA MELLOW, h/w | : | Civil Action No.: 20   384 |
| vs. | : | |
| SERGUEI BIBIKOV AND ELEMENT FLEET | : | Jury Trial Demanded |
| CORPORATION AND ELEMENT FLEET | : | |
| MANAGEMENT CORPORATION AND | : | |
| ECN FINANCIAL LLC formerly doing business | : | |
| As ELEMENT FINANCIAL CORP. AND | : | |
| ELEMENT FINANCIAL CORPORATION AND | : | |
| HL MOTOR GROUP, INC. AND | : | |
| HIGHLIGHT MOTOR FREIGHT USA, INC. | : | |
| AND JOHN DOE EMPLOYERS/OWNERS 1-5 | : | |

## NOTICE OF REMOVAL

Defendants, HL Motor Group, Inc. ("Highlight") and Serguei Bibikov ("Mr. Bibikov"), by their attorneys Margolis Edelstein, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), hereby removes this action from the Court of Common Pleas, Civil Trial Division, County of Philadelphia, to the United States District Court for the Eastern District of Pennsylvania. As grounds for this removal, defendants state as follows:

1.      On December 12, 2019, plaintiff filed a Praecipe to Reinstate Complaint requesting reinstatement of a Complaint initially filed on November 13, 2019 in the Court of Common Pleas, Civil Trial Division, County of Philadelphia, entitled *Alex Mellow and Polina Mellow v. Serguei Bibikov, et al.,* (Case ID 191101599). (*See* Complaint attached as Exhibit 1).

2.      In the Complaint, plaintiffs generally allege that they suffered severe personal injuries resulting from a November 18, 2017 motor vehicle collision in Lackawanna County, Pennsylvania with a "Tractor Unit" operated by Serguei Bibikov and "possessed, owned, operated and/or controlled by" Highlight and Defendant, Highlight Motor Freight USA, Inc. ("Highlight USA"). (*Id.*).

3.    Plaintiffs' Complaint generally alleges more than $50,000.00 in damages, exclusive of costs. (*Id.*).

4.    Plaintiffs' counsel has made a settlement demand to defense counsel in excess of $75,000.00.

5.    Moreover, plaintiffs allege that "as a direct result of the carelessness and negligence of the Defendants, as aforesaid, Plaintiff, Alex Mellow, sustained severe and permanent internal and external injuries." (*Id.* at ¶26).

6.    Plaintiffs are residents of New Jersey. (*Id.* at 1, ¶1).

7.    Mr. Bibikov is a resident of Ontario, Canada. (*Id.* at 1, ¶2).

8.    Defendant, Element Fleet Corporation, is a Pennsylvania corporation. (*Id.* at 1, ¶3).

9.    Defendant, Element Fleet Management Corp., is a Maryland corporation. (*Id.* at 1, ¶4).

10.    Defendant, ECN Financial LLC, is a Delaware corporation. (*Id.* at 1, ¶5).

11.    Defendant, Element Financial Corporation, is an Ontario, Canada corporation. (*Id.* at 2, ¶6).

12.    Highlight is a corporation located, organized and existing under the laws of Canada. (*Id.* at 2, ¶9 and Affidavit of Kate Savinkova ("Aff.") at ¶1).

13.    Highlight USA is alleged to be located in the same state as plaintiffs, New Jersey. (*See* Complaint at 2, ¶10).

14.    Other than purporting that the vehicle operated by Mr. Bibikov was "possessed, owned, operated and/or controlled by" Highlight USA, (*See* Complaint at 5, ¶21), plaintiffs make no other allegation of specific wrongdoing committed by Highlight USA. (*See* Complaint).

15.     However, on November 18, 2017, while engaged in the activity described in the Complaint in this matter, Serguei Bibikov was an employee of Highlight. (*See* Aff. at ¶6).

16.     Moreover, Mr. Bibikov has never been an employee, agent, servant, workman or in any way provided services on behalf of Highlight USA. (*Id.* at ¶7).

17.     Furthermore, the "Tractor Unit" operated by Serguei Bibikov at the time of the November 18, 2017 motor vehicle accident described in the Plaintiff's Complaint, was owned by Defendant, Element Financial Corporation, and leased by that company to Highlight, not Highlight USA. (*Id.* at ¶9).

18.     In determining diversity of citizenship, the court must disregard parties fraudulently joined. *Gottlieb v. Westin Hotel*, 990 F.2d 323, 327 (7ᵗʰ Cir. 1993).

19.     Here, the citizenship of Highlight USA should be disregard because that entity had no involvement in the underlying acts alleged by plaintiffs. Thus, there is complete diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1441(b).

20.     By reason of the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs. Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

21.     Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Moreover, this Notice of Removal was filed within one year after commencement of the action.

22.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, defendants are serving a copy of this Notice of Removal upon plaintiff and filing a copy with the Clerk of the Court of Common Pleas, Civil Trial Division, County of Philadelphia.

23.     Defendants reserve the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

24.     Removal is hereby effected without waiver of any challenges that defendants may have to personal jurisdiction, venue or service of process.  Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendants, HL Motor Group, Inc. and Serguei Bibikov, hereby give notice of the removal of the above-referenced action now pending in the Court of Common Pleas, Civil Trial Division, County of Philadelphia, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

MARGOLIS EDELSTEIN

By:     _____
DONALD M. DAVIS, ESQUIRE

4

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, a true and correct copy of the foregoing Notice of Removal and supporting documents was served via U.S.First Class Mail, postage prepaid upon the following on January 22, 2020.

David A. Shafie, Esquire
Hoffman, Sternberg, Karpf & Lynch, LLC
7373 Second Street Pike
Southampton, PA 18966

MARGOLIS EDELSTEIN

By: _____
DONALD M. DAVIS, ESQUIRE

DAVID A. SHAFIE, ESQUIRE
HOFFMAN, STERNBERG, KARPF & LYNCH, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
ATTORNEY I.D. NO. 88367

MAJOR CASE
JURY TRIAL DEMANDED

*Filed and Attested by the
Office of Judicial Records
13 DEC 2019 09:38 pm
E. HAURIN*

ATTORNEY FOR PLAINTIFFS
PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

ALEX MELLOW and POLINA MELLOW, h/w
209 Winchester Court, Voorhees NJ 08043
    vs
SERGUEI BIBIKOV, 148 Faywood Boulevard
Toronto, ON, Canada M3H2X7 and
ELEMENT FLEET CORPORATION
1265 Drummers Lane, Wayne, PA 19087 and
ELEMENT FLEET MANAGEMENT CORP.
940 Ridgebrook Road, Sparks, MD 21152 and
ECN FINANCIAL LLC formerly doing business as
ELEMENT FINANCIAL CORP,
655 Business Center Drive, Suite 250
Horsham, PA 19044 and
ELEMENT FINANCIAL CORPORATION
161 Bay Street, Suite 3600, Bx 621
Toronto, ON, Canada M5J2S1 and
HL MOTOR GROUP, INC., 391 Creditstone Rd,
Concord, ON, Canada L4K1N8 and
HIGHLIGHT MOTOR FREIGHT USA, INC.
14 Eastmans Road, Parsippany, NJ 07054 and
JOHN DOE EMPLOYERS/OWNERS 1-5,
Whose Present Identities are Unknown to Plaintiffs

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

TERM, 2019

NO.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you. | Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO |
| LAWYER REFERENCE SERVICE<br>One Reading Center<br>1101 Market Street<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333 | SERVICIO DE REFERENCIA LEGAL<br>One Reading Center<br>1101 Market Street<br>adelfia, Pennsylvania 19107<br>éfono (215) 238-6333 |

**EXHIBIT**
1

Case ID: 191101599

DAVID A. SHAFIE, ESQUIRE
HOFFMAN, STERNBERG, KARPF & LYNCH, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
ATTORNEY I.D. NO. 88367

MAJOR CASE
JURY TRIAL DEMANDED


ATTORNEY FOR PLAINTIFFS

ALEX MELLOW and POLINA MELLOW
(h/w)
209 Winchester Court
Voorhees, NJ 08043

PHILADELPHIA COUNTY

COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

V.

TERM

SERGUEI BIBIKOV
148 Faywood Boulevard
Toronto, ON, Canada M3H2X7

NO.

And

ELEMENT FLEET CORPORATION
1265 Drummers Lane
Wayne, PA 19087

And

ELEMENT FLEET MANAGEMENT CORP.
940 Ridgebrook Road
Sparks, MD 21152

And

ECN FINANCIAL LLC formerly doing business as
ELEMENT FINANCIAL CORP
655 Business Center Drive, Suite 250
Horsham, PA 19044

And

ELEMENT FINANCIAL CORPORATION
161 Bay Street, Suite 3600, Bx 621
Toronto, ON, Canada M5J2S1

And

HL MOTOR GROUP, INC.

391 Creditstone Road                          :
Concord, ON, Canada L4K1N8                    :
                                              :
And                                           :
                                              :
HIGHLIGHT MOTOR FREIGHT USA, INC.             :
14 Eastmans Road                              :
Parsippany, NJ 07054                          :
                                              :
And                                           :
                                              :
JOHN DOE EMPLOYERS/OWNERS 1-5,                :
Whose Present Identities are Unknown          :
to Plaintiffs                                 :

## CIVIL ACTION

1.      Plaintiffs, ALEX MELLOW and POLINA MELLOW, are married, adult individuals who currently reside at 209 Winchester Court, Vorhees, NJ 08043.

2.      Defendant, SERGUEI BIBOKOV, is an adult individual who resides at 148 Faywood Boulevard, Toronto, ON, Canada M3H2X7.

3.      Defendant, ELEMENT FLEET CORPORATION, is believed to be a corporation or other legal entity doing business in the Commonwealth of Pennsylvania with its address at 1265 Drummers Lane, Wayne, PA 19087.

4.      Defendant, ELEMENT FLEET MANAGEMENT CORP. is believed to be a corporation or other legal entity doing business in the Commonwealth of Pennsylvania with its address at 940 Ridgebrook Road, Sparks, MD 21152.

5.      Defendant, ECN FINANCIAL LLC, formerly known as ELEMENT FINANCIAL CORP., is believed to be Delaware corporation or other legal entity, doing business in Montgomery County, Pennsylvania with its address of 655 Business Center Drive, Suite 250, Horsham, PA 19044.

6.      ELEMENT FINANCIAL CORPORATION is believed to be a corporation or other legal entity doing business in the Commonwealth of Pennsylvania with its address at 161 Bay Street, Suite 3600, Box 621, Toronto, ON, Canada M5J2S1.

7.      At all times material hereto, Defendants, ELEMENT FLEET CORPORATION, ELEMENT FLEET MANAGEMENT CORP., ECN FINANCIAL LLC formerly doing business as ELEMENT FINANCIAL CORP and ELEMENT FINANCIAL CORPORATION acted or failed to act individually or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

8.      In the alternative, at all times material hereto, Defendants ELEMENT FLEET CORPORATION, ELEMENT FLEET MANAGEMENT CORP., ECN FINANCIAL LLC formerly doing business as ELEMENT FINANCIAL CORP and ELEMENT FINANCIAL CORPORATION (hereafter "ELEMENT DEFENDANTS") acted or failed to act as an agent, servant, workman and/or employee of all other Co-Defendants, who was then and there acting within the course and scope of its employment with said Co-Defendant(s) and in furtherance of the business of said Co-Defendant(s).

9.      Defendant, HL MOTOR GROUP, INC. is a corporation or other legal entity authorized to do business in Pennsylvania with its address at 391 Creditstone Road, Concord, ON, Canada, L4K1N8.

10.     Defendant, HIGHLIGHT MOTOR FREIGHT USA, INC. is a corporation authorized to do business in Pennsylvania with its address at 14 Eastmans Road, Parsippany, NJ 07054.

11.     Defendants, JOHN DOE OWNERS/EMPLOYERS 1-5 are fictitious individuals

and or businesses whose names are unknown to Plaintiffs at this time despite a reasonable search that either owned, possessed, operated and/or controlled the 2015 Volvo Tractor Unit, VIN 4V4NC9EH2FN179660, registered in Ontario Canada with plate 207 7PP, (hereafter "TRACTOR UNIT") and/or its trailer, and/or employed, Defendant driver, SERGUEI BIBIKOV, on November 18, 2017.

12.    At all times material hereto, Defendants HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC., and/or JOHN DOE EMPLOYERS/OWNERS 1-5 acted or failed to act individually or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

13.    In the alternative, at all times material hereto, Defendants HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC., and/or JOHN DOE EMPLOYERS/ OWNERS 1-5 acted or failed to act as an agent, servant, workman and/or employee of all other Co-Defendants, who was then and there acting within the course and scope of its employment with said Co-Defendant(s) and in furtherance of the business of said Co-Defendant(s).

14.    At all times material to this Civil Action, Defendant, SERGUEI BIBIKOV, acted or failed to act individually or through his agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of said Defendant's business.

15.    In the alternative, at all times material to this Civil Action, Defendant, SERGUEI BIBIKOV, acted or failed to act as an agent, servant, workman and/or employee of all other Co-Defendants, including currently unknown JOHN DOE EMPLOYERS/OWNERS 1-5, who was then and there acting within the course and scope of his employment with said Co-Defendant(s)

and in furtherance of the business of said Co-Defendant(s).

16.    Defendants, SERGUEI BIBIKOV, ELEMENT FLEET CORPORATION, ELEMENT FLEET MANAGEMENT CORP., ECN FINANCIAL LLC formerly doing business as ELEMENT FINANCIAL CORP, ELEMENT FINANCIAL CORPORATION, HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC. and/or JOHN DOE EMPLOYERS/OWNERS 1-5, shall hereinafter be collectively referred to as the "DEFENDANTS."

17.    Upon information and belief, at all times set forth herein, one or more of the named DEFENDANTS, including but not limited to HL MOTOR GROUP, INC. and HIGHLIGHT MOTOR FREIGHT USA, INC. and ELEMENT FLEET MANAGEMENT CORP., has regularly conducted business in the Commonwealth of Pennsylvania and more specifically in the County and City of Philadelphia.

18.    On or about November 18, 2017, at approximately 3:45 P.M., Plaintiff, ALEX MELLOW, possessed, operated and controlled a certain motor vehicle that was involved in the accident hereinafter more fully set forth.

19.    On the aforesaid date and time, Defendant, SERGUEI BIBIKOV, acting as aforesaid, possessed, owned, operated, and/or controlled the TRACTOR UNIT and/or its trailer that was involved in the accident hereinafter more fully set forth.

20.    On the aforesaid date and time, ELEMENT DEFENDANTS, acting as aforesaid, possessed, owned, operated and/or controlled, through their agent servant workman, and or employee, SERGUEI BIBIKOV, the TRACTOR UNIT and/or its trailer that was involved in the accident hereinafter more fully set forth.

21.    On the aforesaid date and time, Defendants, HL MOTOR GROUP, INC.,

HIGHLIGHT MOTOR FREIGHT USA, INC. and/or JOHN DOE EMPLOYERS/OWNERS 1-5 acting as aforesaid, possessed, owned, operated and/or controlled, through their agent servant workman, and/or employee, SERGUEI BIBIKOV, the TRACTOR UNIT and/or its trailer that was involved in the accident hereinafter more fully set forth.

22.     On the aforesaid date and time, Plaintiff, ALEX MELLOW, was traveling northbound on I-476, the Pennsylvania Turnpike at or near the Keyser Avenue Interchange, a public highway in Lackawanna County, Commonwealth of Pennsylvania.

23.     On the aforesaid date and time, the tractor unit and trailer operated by Defendant, SERGUEI BIBIKOV, was also traveling northbound on I-476, the Pennsylvania Turnpike at or near the Keyser Avenue Interchange when Defendant was so careless and negligent, that Defendant suddenly and without warning struck the rear of Plaintiff's vehicle.   As a result of said impact, Plaintiff, ALEX MELLOW, sustained serious personal injuries hereinafter more specifically set forth.

24.     At the time and place aforesaid, the carelessness and negligence of the Defendants, acting as aforesaid, consisted of the following:

(a)     Operating the said tractor unit with trailer at a high and excessive rate of speed under the circumstances;

(b)     Failing to have the said vehicle under proper and adequate control;

(c)     Failing to give proper and sufficient notice of his approach;

(d)     Operating the said vehicle without due regard for the rights, safety and position of the Plaintiff;

(e)     Violating the various ordinances and the laws of the County of Lackawanna, the statutes and regulations of the Commonwealth of Pennsylvania, and statutes and regulations of the United States pertaining to the operation and control of the TRACTOR UNIT and interstate trucking;

(f)     Failing to exercise due care and caution under the circumstances;

(g)     Being inattentive;

(h)     Failing to keep an assured clear distance from the vehicles ahead;

(i)     Being in violation of PA Motor Vehicle Code Title 75 § 3310 (Following too closely);

(j)     Being in violation of PA Motor Vehicle Code Title 75 § 3361 (Driving vehicle at safe speed); and

(k)     Being in violation of PA Motor Vehicle Code Title 75 § 3714 (Careless driving).

<u>COUNT I</u>
<u>ALLEX MELLOW v. DEFENDANTS</u>
(Negligence)

25.     Plaintiff, ALEX MELLOW, incorporates herein by reference the averments contained in paragraphs 1 through 25 inclusive, as fully as though the same were herein set forth at length.

26.     As a direct result of the carelessness and negligence of the Defendants, as aforesaid, Plaintiff, ALEX MELLOW, sustained severe and permanent internal and external injuries in and about his body and limbs, including but not limited to:   cervical, thoracic and lumbar sprains and strains; As confirmed by MRI: 3 mm broad based disc protrusion eccentric to the left compromising the left neural foramen; At L2-3 a 1.5 mm disc protrusion eccentric to the left at L2-3; L3-4 there is 2 mm broad based disc protrusion somewhat eccentric to the left; L4-5 there is 2.5 mm midline/left paramedian disc protrusion; L5-S1 there is disc degeneration with broad disc protrusion and marginal osteophytosis clearly eccentric toward the left neural foramen with some cranial subligamentous extension; a 2.5 mm anterolisthesis of L5 upon S1; disc bulging at C3-4 more in the midline at C4-5 more toward the left neural foramen; C5-6 there is disc degeneration with loss of disc signal and disc height; diffuse bilateral intraforaminal disc herniation more on the

left; shallow disc bulging at a C7-T1; Median nerve dysfunction at the wrists bilaterally, left greater than right with symptomatic traumatic carpal tunnel syndrome on the left, confirmed by EMG, all of which have caused and will continue to cause great pain and agony and have prevented and will continue to prevent in the future from attending to daily duties and occupation, all to his great financial damage and loss.

27.     Further, by reason of the aforesaid, Plaintiff, ALEX MELLOW, has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure himself of said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to his great damage and loss.

28.     As a result of the accident and the injuries sustained therein, Plaintiff, ALEX MELLOW, has and may suffer an impairment of his earning capacity and power, which impairment of earning capacity and power has or may exceed the sum recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Law.

29.     As a direct result of the aforesaid accident, Plaintiff, ALEX MELLOW, has and will hereinafter incur additional financial and/or medical expenses or losses which will exceed amounts, which he may otherwise be entitled to recover under the Pennsylvania Motor Vehicle Financial Responsibility Law.

WHEREFORE, Plaintiffs, ALEX MELLOW and POLINA MELLOW, demand judgment against all DEFENDANTS in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

<u>COUNT II</u>
<u>ALEX MELLOW v. ALL DEFENDANTS</u>
(Negligent Entrustment)

30.     Plaintiff, ALEX MELLOW, incorporates herein by reference the averments contained in paragraphs 1 through 30 inclusive, as fully as though the same were herein set forth at length.

31.     At all times material to this Civil Action, DEFENDANTS, acted negligently, carelessly and in a reckless disregard for the safety of Plaintiff, ALEX MELLOW, which conduct proximately caused the Plaintiff's serious and permanent personal injuries as described above.

32.     The acts of DEFENDANTS, constituting negligence and carelessness are as follows:

      (a)    Entrusting a motor vehicle to Defendant, SERGUEI BIBIKOV's care, custody and operation;

      (b)    Failing to take reasonable precautions to prevent Defendant, SERGUEI BIBIKOV, from driving the TRACTOR UNIT with trailer at a time when Defendants knew or should have known that Defendant, SERGUEI BIBIKOV, was incapable of operating said TRACTOR UNIT safely; and

      (c)    Failing to take reasonable precautions to prevent Defendant, SERGUEI BIBIKOV, from driving the TRACTOR UNIT with trailer at a time when Defendants knew or should have known of the repeated unsafe, negligent course of conduct of Defendant, SERGUEI BIBIKOV, which conduct would create an unreasonable risk of harm to others.

33.     As a direct and proximate result of DEFENDANTS' negligence and carelessness as described above, Plaintiff, ALEX MELLOW, was caused to suffer severe and permanent personal injuries as more fully described above.

WHEREFORE, Plaintiffs, ALEX MELLOW and POLINA MELLOW, demand judgment against all Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest

Case ID: 191101599

and costs.

COUNT III

POLINA MELLOW v. DEFENDANTS

(Loss of Consortium)

34.     Plaintiffs incorporate by reference the preceding allegations as if set forth at length herein.

35.     Plaintiff, POLINA MELLOW, is the wife of the injured Plaintiff, ALEX MELLOW, and is dependent upon him for services, society and companionship.   Plaintiff, POLINA MELLOW, brings this cause of action and claim for relief, individually, for loss of services, companionship, aid, society, support, nurture, comfort, assistance, consortium and care of her husband as provided by law.

36.     Due to carelessness and negligence of the DEFENDANTS, which directly and proximately caused the alleged injuries to Plaintiff, ALEX MELLOW, Plaintiff, POLINA MELLOW, in her own right, has been and continues to be deprived of the care, society, nurture, aid, companionship and consortium of her husband, all to her damage and detriment in a sum to be determined by the proof provided.

37.     Due to carelessness and negligence of the DEFENDANTS, who directly and proximately caused the alleged injuries to the Plaintiff, ALEX MELLOW, Plaintiff, POLINA MELLOW, has been in the past and will be in the future required to expend large sums of money for the medical care and treatment of her husband.

WHEREFORE, Plaintiffs, ALEX MELLOW and POLINA MELLOW, demand judgment against all DEFENDANTS in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest and costs.

HOFFMAN, STERNBERG, KARPF & LYNCH, LLC

_____

DAVID A. SHAFIE, ESQUIRE
*Attorney for Plaintiffs*

Date: 11-13-19

Case ID: 191101599

VERIFICATION

I, ALEX MELLOW, verify that the statements made in this pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsifications to authorities.

_____
ALEX MELLOW

_11.13.19_
Date

I, POLINA MELLOW, verify that the statements made in this pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsifications to authorities.

_____
POLINA MELLOW

_11.15.19_
Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ALEX MELLOW and POLINA MELLOW, h/w :   Civil Action No.:
vs. :
SERGUEI BIBIKOV AND ELEMENT FLEET :   Jury Trial Demanded
CORPORATION AND ELEMENT FLEET :
MANAGEMENT CORPORATION AND :
ECN FINANCIAL LLC formerly doing business :
As ELEMENT FINANCIAL CORP. AND :
ELEMENT FINANCIAL CORPORATION AND :
HL MOTOR GROUP, INC. AND :
HIGHLIGHT MOTOR FREIGHT USA, INC. :
AND JOHN DOE EMPLOYERS/OWNERS 1-5 :

## AFFIDAVIT OF KATE SAVINKOVA

I, Kate Savinkova, being first duly sworn on oath, under penalties as provided by law pursuant to the Federal Rules of Civil Procedure, certify that the statements set forth herein are true and correct and that, if called upon to testify in the above-captioned case, I could competently testify to the following statements based upon my personal knowledge.

1.      I am the Claims Administrator for the HL Motor Group, Inc., also known as Highlight Holdings Inc. ("Highlight"), a trucking company located in Ontario, Canada.

2.      In my position as Highlight's Claims Administrator, I have become familiar with the history, organization and activities of Highlight, a company that is engaged in the trade or business of providing transportation, warehousing and distribution services.

3.      In my position as Highlight's Claims Administrator, I am also familiar with Highlight's company records as well as other documents in Highlight's repository, which include records of Highlight's ownership and leasing of commercial trucking vehicles and records related to transportation and delivery.

```
┌─────────────────┐
│    EXHIBIT      │
│       2         │
└─────────────────┘
```

4.      I am also familiar with the corporate entity known as Highlight Motor Freight USA, Inc. ("Highlight USA"), which is a New Jersey corporation affiliated with but entirely separate and distinct from Highlight.

5.      I have reviewed the Complaint in this matter, which generally alleged that Alex Mellow and Polina Mellow suffered personal injuries resulting from a November 18, 2017 motor vehicle collision in Philadelphia, Pennsylvania with a "Tractor Unit" operated by Serguei Bibikov and "possessed, owned, operated and/or controlled by" Highlight and Highlight USA.

6.      On November 18, 2017, while engaged in the activity described in the Complaint in this matter, Serguei Bibikov was an employee of Highlight.

7.      Mr. Bibikov has never been an employee, agent, servant, workman or in any way provided services on behalf of Highlight USA.

8.      I reviewed Highlight's records and found that while operating the "Tractor Unit" in question during the November 18, 2017 motor vehicle accident described in the Plaintiff's Complaint, Serguei Bibikov was transporting a load that originated from Mount Laurel, NJ and delivered to Etobicoke, Ontario.

9.      I also reviewed Highlight's records and found that the "Tractor Unit" operated by Serguei Bibikov at the time of the November 18, 2017 motor vehicle accident described in the Plaintiff's Complaint, was owned by Element Financial Corporation and leased by that company to Highlight.

10.     Element Financial Corporation, an Ontario, Canada corporation.

11.    Other than doing business with one another, Element Financial Corporation is not a subsidiary, division or parent company, or in any way affiliated with Highlight.

_____
Kate Savinkova

ARU 75653